UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clarence Edward Cyrus, # 95574-071, | ) C/A No. 8:05-3041-HFF-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Cameron M. Currie, United States District Judge;<br>James K., Wolfson, Doctor;<br>NFN Yutzy, Doctor,<br>NFN Frierson. Doctor;<br>Dedra Y. Chapman, Attorney;<br>Gregory P. Harris, Attorney;<br>Mark C. Moore, Assistant United States Attorney;<br>Marcia G. Shein, Attorney;<br>Nurse Ms. Angel Corraner;<br>David Crump;<br>Mack Crump;<br>Bobby Singletary;<br>Mike Hanner;<br>Ms. Christine Weaver;<br>Mr. Matthew Holloran;<br>Officer-Agent; and<br>Attorney General;<br>Department of Justice; and<br>Bureau of Prisons, | ) Report and Recommendation |
| Defendants. | |

The Plaintiff has filed a Complaint entitled, "Extraordinary Writ of Mandamus For Newly Discovered Evidence Pursuant to Duplicity Indictment Information 28 U.S.C. 2255." The title is suggestive of the contents. The plaintiff is attempting to challenge, via a Writ of Mandamus, those criminal proceedings which occurred in the United States District Court for the District of South Carolina in 1999.

1

The defendants named in the above-captioned case appear to be individuals who participated in the plaintiff's trial in some form or fashion. Even though plaintiff's complaint is eighty pages long, many of the defendants are not identified with specificity. Essentially, the Plaintiff alleges that the Defendants conspired to deny him due process during his criminal prosecution in this Court. *See* United States v. Cyrus, *et al.*, 4:99-CR-00221 (D.S.C. 1999).[1]

In that case, the Plaintiff entered guilty pleas to two counts of narcotics violations under 21 U.S.C. § 841 and § 846. On August 26, 2001, he was sentenced to life imprisonment on each count, the terms to be served concurrently. The Plaintiff appealed. His convictions were affirmed on February 11, 2003. *See* United States v. Cyrus, 58 Fed. Appx. 978 (4th Cir. 2003). On February 10, 2004 the Plaintiff filed a Motion under 28 U.S.C. § 2255. *See* Cyrus v. United States, 4:04-0412-22 (D.S.C. 2004). On September 9, 2004, summary judgment was granted to the United States.

This grant of summary judgment disposed of the Plaintiff's claims that his guilty pleas were unknowing and involuntary as well as his claims of ineffective representation by counsel. In a Motion to Reconsider, the Plaintiff has further attacked his convictions under Blakely v. Washington, – U.S. – , 124 S. Ct. 2531 (2004). In all these proceedings, the Plaintiff has been represented by counsel.

Plaintiff has also filed several civil actions in this Court. This is his fourth civil action to date. In fact, in Civil Action No. 8:04-23363-26BI the plaintiff sued the exact same

---

[1] This court may take judicial notice of its own records in this prior case. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

2

individuals he is suing in the above-captioned matter, except that he has also added the United States Attorney General, the Department of Justice, and the Bureau of Prisons to this most recent suit. In the prior action - Civil Action No. 8:04-23363-26BI - the pleading was entitled "Extraordinary Writ of Mandamus For Newly Discovered Evidence Pursuant to Duplicity Indictment Information  28 U.S.C. 2241."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340, 60 U.S.L.W. 4346 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, (4th Cir. 1995)(*en banc*), *cert. denied*, Nasim v. Warden, Maryland House of Correction, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387, (4th Cir. 1990).

Insofar as the plaintiff's conviction and related court proceedings are concerned, the complaint is subject to summary dismissal because a right of action has not yet accrued.  See Heck v. Humphrey, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, supra.   See also Schafer v. Moore, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and Woods v. Candela, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808 (1995).  See also Brooks v. City of Winston-Salem, N.C., 85 F.3d 178 (4th Cir. 1996).  Accord Smith v. Holtz, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); Burnside v. Mathis, 2004 WL 2944092 (D.S.C. 2004).

Heck v. Humphrey is also applicable in suits against federal officials and entities.  See Stephenson v. Reno, 28 F.3d 26 (5th Cir., August 8, 1994).  The fact that plaintiff has

4

characterized his pleading as a writ of mandamus does not exempt him from the rule established in Heck, *supra*. *See* Johnson v. Freeburn, 29 Fed.Supp.2d 764, 772, (S.D.Mich. 1998)(under Heck v. Humphrey, nature of relief sought is not critical question; rather, it is the grounds for relief); Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997).

Since the plaintiff is trying to attack his conviction and sentence, his remedy is to seek, from the United States Court of Appeals for the Fourth Circuit, leave to file a successive action under 28 U.S.C. § 2255. The possibility that a § 2255 petition filed by the petitioner might be untimely, successive, or decided adversely to the petitioner does not render the § 2255 remedy inadequate or ineffective. *See* Lewis v. United States, 2000 WESTLAW® 1889639, *3 (D.Mass., December 22, 2000):

> The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") requires a petitioner to apply to the appropriate court of appeals for permission to file a "second or successive" § 2255 petition in the district court. 28 U.S.C. § 2244(b)(3)(A) (as incorporated in 28 U.S.C. § 2255); Pratt v. United States, 129 F.3d 54, 57 (1st Cir.1997). A petition for relief under § 2255 should be considered as a second or successive petition only if a district court reviewed the previous § 2255 petition on its merits. A district court lacks subject matter jurisdiction to entertain an unapproved second or successive § 2255 petition and must either dismiss it or transfer it to the appropriate court of appeals. United States v. Barrett, 178 F.3d 34, 41 (1st Cir.1999).
>
> Lewis' first § 2255 petition was denied on the merits. Thus, the instant petition is a second or successive petition, despite the fact that it raises Apprendi claims that could not have been raised in the first petition which was filed prior to the United State Supreme Court's decision in Apprendi. *See* Sustache-Rivera v. United States, 221 F.3d 8, 14 (1st Cir.2000)(noting, without deciding, that several courts of appeal have routinely treated numerically successive § 2555 petitions based upon new Supreme Court decisions as "second or successive" under the AEDPA). *See also* In re Joshua, 224 F.3d 1281, 1281-1282 (11th Cir.2000)(regarding numerically successive § 2255 petition based on Apprendi claims as "second or successive").

Lewis v. United States, supra.

Even if this were not the case, many of the defendants named in this suit are entitled to immunity. For example, prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pre-trial "motions" hearings, and ancillary civil proceedings. *See* Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, supra, 114 L.Ed.2d at 561-562 & n. 6; and Hart v. Jefferson County, 1995 WESTLAW® 82277 (D.Ore., February 24, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity), *amended opinion reported at* 1995 WESTLAW® 399619 (D.Ore., June 15, 1995). Therefore, defendant Moore would be entitled to summary dismissal.

Attorneys Chapman, Harris and Schein are entitled to summary dismissal because they have not acted under color of state law. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See* Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)(private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982)(court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).

The district court in Hall v. Quillen, supra, had disposed of the case against a

physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

Hall v. Quillen, 631 F.2d at 1155 (citations omitted). *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Moreover, all persons who testified in any judicial proceedings relating to the plaintiff's criminal case have absolute immunity in an action for damages brought under 42 U.S.C. § 1983.  *See* Briscoe v. LaHue, 460 U.S. 325, 327-346 (1983); and Lowman v. Town of Concord, 1995 U.S. Dist. LEXIS® 3041, *10-*13 (W.D.N.Y., March 7, 1995)(collecting cases). *Cf.* Kincaid v. Eberle, 712 F.2d 1023 (7th Cir.)(police officer who testifies before a grand jury has absolute immunity), *cert. denied*, 464 U.S. 1018 (1983). Consequently, defendants David Crump, Mack Crump, Bobby Singletary, Christine Weaver, and Matthew Holloran would be immune from suit.

The Honorable Cameron M. Currie, United States District Judge for the District of South Carolina, is named as a Defendant because she served as the trial judge in the Plaintiff's criminal prosecution. To the extent they are intelligible, the Plaintiff's claims against Judge Currie require no serious analysis. The doctrine of judicial immunity

precludes any claim against Judge Currie by reason of her judicial acts.  *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985).  Judicial immunity is a threshold question which requires summary dismissal. Siegert v. Gilley, 500 U.S. 226 (1991); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Plaintiff is barred from suing Judge Currie as a matter of law.

As to the medical defendants, Doctors Wolfson, Yutzy and Frierson, and Nurse Corraner, to the extent the plaintiff complains that these defendants were witnesses in his criminal trial, it has been noted above that witnesses have immunity from suit.  The plaintiff does make references to "electro-convulsive therapy" (ECT) that he claims he received and which caused him injury.  These same claims were previously raised in Civil Action No. 8:04-23363-26BI (D.S.C. 2004).

In that case, this Court noted that the plaintiff had raised these claims in an action filed *pro se* in the United States District Court for the Western District of Missouri on May 1, 2002.  *See* Cyrus v. Wolfson, 6:02-03199 (W.D. Missouri 2002).[2]  In the Missouri case, the Plaintiff claimed that the ECT procedures had caused him to suffer apprehension, fear and "extreme worry" as well as pain and suffering.  In due course, the action was dismissed by the Honorable Dean Whipple, United States District Judge, in an order filed on February 28, 2003, which found that the Plaintiff had failed to exhaust administrative remedies.

In the above-captioned matter, the plaintiff does not demonstrate that he has now

---

[2] – The docket of the Plaintiff's action can be accessed through PACER (Public Access to Court Electronic Records) at the website for the Western District of Missouri <https://ecf.mowd.uscourts.gov>.

exhausted his administrative remedies. Furthermore, even if plaintiff had managed to make such an allegation, the alleged claims against these defendants, in fact all of the defendants, consist mostly of buzzwords or gibberish. The pleadings then, fail to state a claim upon which relief may be granted. Under 28 U.S.C. § 1915 a District Court may dismiss a pleading by an indigent and/or *pro se* litigant upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii).

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under §1915(e) if the facts alleged are clearly baseless. *Denton v. Hernandez*, *supra*. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

## RECOMMENDATION

Accordingly, for the foregoing reasons, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and

9

"new" 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

It is further recommended that the dismissal of this case be deemed a **STRIKE** pursuant to 28 U.S.C. § 1915(e)(2) and (g).  These provisions require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id.  As discussed above under Heck v. Humphrey, 512 U.S. 477 (1994), a prisoner must show that his conviction or sentence has been reversed or vacated before he or she can recover in tort for the unlawful conviction or sentence.  Where, as here, the conviction or sentence has not been overturned, the inmate's constitutional tort action under § 1983 must be dismissed.  Several courts have held that a dismissal under Heck constitutes a strike under 28 U.S.C. § 1915(e)(2) and (g).  See Sandles v. Randa, 945 F. Supp. 169 (E.D. Wis. 1996); Sanders v. DeTella, 1997 WL 126866 (N.D. Ill. 1997) (unpublished); and Grant v. Sotelo, 1998 WL 740826 (N.D. Tex. 1998)(unpublished).[3]  See Also, Adepegba v. Hammons, 103 F. 3d 383, 384 (5th Cir. 1996)(noting that district court dismissed a claim as frivolous under Heck and declining to address the propriety of the district court's dismissal because plaintiff had not exhausted his appeal) and Okoro v. Bohman, 164 F. 3d 1059, 1061 (7th Cir. 1999)(commenting that previous case dismissed as frivolous under Heck).  Thus, the undersigned concludes that this action is frivolous under 28 U.S.C. §

---

[3] In Grant, the court recognized that "the question may be raised whether a cause dismissed pursuant to Heck considerations should be considered for purposes of computing the three strikes..." but followed the decisions of Sandles and Sanders.

10

1915(e)(2) and (g) and should be deemed a strike under this statute.  The plaintiff's attention is directed to the important notice on the next page.

S/Bruce H. Hendricks
United States Magistrate Judge

Greenville, South Carolina
November 7, 2005

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk<br>
United States District Court<br>
Post Office Box 10768<br>
Greenville, South Carolina  29603